1   Jonathan Evans (Cal. Bar No. 247376)
    CENTER FOR BIOLOGICAL DIVERSITY
2   1212 Broadway, Suite 800
    Oakland, CA 94612
3   Phone: 510-844-7118
    Fax: 510-844-7150
4   Email: jevans@biologicaldiversity.org

5   Ashley Bruner (CO Bar No. 46252), *pro hac vice*
    CENTER FOR BIOLOGICAL DIVERSITY
6   P.O. Box 1178
    Flagstaff, AZ 86002
7   Phone: 928-666-0731
    Email: abruner@biologicaldiversity.org

8

9   *Counsel for Plaintiffs Center for Biological Diversity
    and Center for Environmental Health*

10

11                  **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**

12

13

    CENTER FOR BIOLOGICAL DIVERSITY          Case No. 4:21-cv-02498-JST
14  and CENTER FOR ENVIRONMENTAL
    HEALTH,                                  **AMENDED COMPLAINT FOR**
15                                           **DECLARATORY**
                                             **AND INJUNCTIVE RELIEF**
                    Plaintiffs,
16                                           (Clean Air Act, 42 U.S.C. §§ 7401 *et.*
          vs.                                *seq.*)
17
    MICHAEL S. REGAN, in his official capacity
18  as Administrator of the United States
    Environmental Protection Agency,
19
                    Defendant.
20

21

22

23

28  AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1

## I.  INTRODUCTION

2    1.      All areas of the country are legally entitled to healthy, clean air.  Not all areas have it.

3    This is a Clean Air Act "deadline" suit against Michael S. Regan, Administrator of the United

4    States Environmental Protection Agency (EPA), for his failure to protect people, ecosystems,

5    and wildlife from ozone air pollution generated by the oil and natural gas industry.

6    2.      Ozone – or smog – is formed when volatile organic compounds and nitrogen oxides react

7    in the presence of sunlight.  Oil and natural gas development is a significant contributor to ozone

8    problems across the country because the industry is the largest industrial source of volatile

9    organic compounds that contribute to the formation of ground-level ozone.

10   3.      Ozone is harmful to human health, causing decreased lung function; increased respiratory

11   symptoms, emergency room visits, and hospital admissions for respiratory causes; and even

12   death.  Children, people with pre-existing lung and heart diseases such as asthma, older people,

13   and those that exercise or do manual labor outside, are particularly susceptible.

14   4.      The Clean Air Act requires EPA to establish health- and welfare-protective National

15   Ambient Air Quality Standards (NAAQS) to limit the amount of ozone in the outdoor air.  Areas

16   with ozone pollution levels that exceed the standards must clean up their air.

17   5.      To better protect the public from ozone, EPA promulgated a new ozone NAAQS in 2008.

18   Then, in 2015, EPA strengthened the standard.  In response to both the 2008 and 2015 NAAQS,

19   EPA designated several areas that are at issue here as nonattainment, meaning that the air quality

20   in these areas has ozone pollution that violates the standard.

21   6.      Once EPA designates areas as nonattainment or if they are part of the northeast Ozone

22   Transport Region (OTR), states must submit plans, called State Implementation Plans (SIPs), to

23   reduce ozone pollution.  One element of the SIPs for the 2008 and 2015 ozone NAAQS is the

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                                          2

28

1   2016 Reasonably Available Control Technology (RACT) Control Techniques Guidelines (CTG)

2   for the Oil and Natural Gas Industry, which requires oil and natural gas production facilities to

3   reduce their volatile organic compound emissions.

4   7.      The deadline has passed for the following states to submit to EPA SIP submittals to clean

5   up ozone pollution from the oil and natural gas industry: New York, Pennsylvania, and Virginia,

6   all of which are part of the OTR; and New York for the New-York-Northern New Jersey-Long

7   Island nonattainment area.  *See* EPA, *Required State Implementation Plan Elements Dashboard*,

8   https://edap.epa.gov/public/extensions/S4S_Public_Dashboard_2/S4S_Public_Dashboard_2.htm

9   l (last visited May 25, 2021).  EPA has a mandatory duty to make a finding that a state has failed

10   to submit a SIP submittal to reduce air pollution within six months after a SIP submittal is due.

11   42 U.S.C. § 7410(k)(1)(B).  This deadline has passed as well.  Yet EPA has not published the

12   required findings.  *See* EPA, *Required State Implementation Plan Elements Dashboard*,

13   https://edap.epa.gov/public/extensions/S4S_Public_Dashboard_2/S4S_Public_Dashboard_2.htm

14   l (last visited May 25, 2021).

15   8.      When a state does make a SIP submission to EPA, the Clean Air Act requires that EPA

16   review it within specified timeframes.  The states listed in Table 1 below submitted

17   nonattainment SIP elements for the 2016 RACT CTG for the Oil and Natural Gas Industry, but

18   EPA has not met the deadline to review the submittals and determine whether they meet the

19   requirements of the Clean Air Act.  42 U.S.C. § 7410(k)(2)-(4).

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                                    3

28

1

**TABLE 1[1]**

| STATE | Area | COMPLETENESS DATE (no later than) | FINAL ACTION DUE DATE (no later than) |
|---|---|---|---|
| California | Los Angeles – South Coast Air Basin | 6/11/2019 | 6/11/2020 |
| California | Riverside County (Coachella Valley) | 6/11/2019 | 6/11/2020 |
| California | Sacramento Metro (Sacramento) | 6/11/2019 | 6/11/2020 |
| California | San Joaquin Valley | 6/11/2019 | 6/11/2020 |
| California | Ventura County | 6/11/2019 | 6/11/2020 |
| Illinois | Chicago-Naperville | 7/10/2019 | 7/10/2020 |

Accordingly, Plaintiffs the Center for Biological Diversity and the Center for Environmental Health bring this action against Defendant Michael S. Regan, in his official capacity as EPA Administrator, to compel him to perform these mandatory duties.

---

[1] *See* EPA, *Required State Implementation Plan Elements Dashboard*, https://edap.epa.gov/public/extensions/S4S_Public_Dashboard_2/S4S_Public_Dashboard_2.html (last visited May 25, 2021); *see also* EPA, *Nat'l Status of Ozone-8Hr (2008) SIP Requirement Element: RACT VOC CTG Oil and Natural Gas Industry (2016)*, https://www3.epa.gov/airquality/urbanair/sipstatus/reports/ozone-8hr__2008_ract_voc_ctg_oil_and_natural_gas_industry__2016__enbystate.html (last visited May 25, 2021).

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                        4

28

1

## II.  JURISDICTION

2   9.      This case is a Clean Air Act citizen suit.  Therefore, the Court has jurisdiction over this

3   action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 7604(a).

4   10.     An actual controversy exists between the parties.  This case does not concern federal

5   taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, and does not involve the Tariff Act of

6   1930.  Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C.

7   § 2201.  If the Court orders declaratory relief, 28 U.S.C. § 2202 authorizes this Court to issue

8   injunctive relief.

9   ## III.  NOTICE

10  11.     Plaintiffs mailed to EPA by certified mail, written notice of intent to sue regarding the

11  violations alleged in this Complaint.  The notice letter for the violations alleged in the original

12  Complaint was postmarked January 15, 2021.  EPA received it no later than January 25, 2021.

13  More than sixty days have passed since EPA received the notice letter.  EPA has not remedied

14  the violations alleged in the original Complaint.  On February 11, 2021, Plaintiffs mailed to EPA

15  by certified mail, a second written notice of intent to sue regarding the additional violations that

16  are included in this Amended Complaint.  EPA received this second notice letter no later than

17  February 19, 2021.  More than 60 days have passed since EPA received this second notice letter.

18  EPA has not remedied the violations alleged in this Amended Complaint. Therefore, a present

19  and actual controversy exists between the parties.

20  ## IV.  VENUE

21  12.     Venue is proper in this Court under 28 U.S.C. § 1391(e) for several reasons.  First,

22  Defendant EPA resides and performs its official duties in this judicial district.  Second, Plaintiff

23  Center for Environmental Health resides in this judicial district.  Third, a substantial part of the

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                                        5

28

1    events or omissions giving rise to the claims in this case occurred in the Northern District of

2    California.  Several of the claims concern EPA's failure to perform mandatory duties related to

3    California.  EPA Region 9, which is responsible for California, is headquartered in San

4    Francisco.  Thus, a substantial part of the events and omissions at issue in this action occurred at

5    EPA's Region 9 headquarters in San Francisco.

6    13.    Pursuant to Civil L.R. 3-2(c), (d), this case is properly assigned to the San Francisco or

7    Oakland Division of this Court because a substantial part of the events and omissions giving rise

8    to the claims in this case occurred in the County of San Francisco.

9                                         **V.  PARTIES**

10   14.    Plaintiff the CENTER FOR BIOLOGICAL DIVERSITY is a non-profit 501(c)(3)

11   corporation incorporated and existing under the laws of the state of California, with its main

12   California office in Oakland.  The Center for Biological Diversity has approximately 84,000

13   members throughout the United States and the world.  The Center for Biological Diversity's

14   mission is to ensure the preservation, protection, and restoration of biodiversity, native species,

15   ecosystems, public lands and waters, and public health through science, policy, and

16   environmental law.  Based on the understanding that the health and vigor of human societies and

17   the integrity and wildness of the natural environment are closely linked, the Center for

18   Biological Diversity is working to secure a future for animals and plants hovering on the brink of

19   extinction, for the ecosystems they need to survive, and for a healthy, livable future for all of us.

20   15.    The Center for Biological Diversity's members enjoy, on an ongoing basis, the

21   biological, scientific, research, educational, conservation, recreational, and aesthetic values of

22   the regions at issue in this action.

23

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                                          6

28

16.      Plaintiff the CENTER FOR ENVIRONMENTAL HEALTH is a nonprofit corporation organized and existing under the laws of the state of California, with its headquarters located in Oakland.  The Center for Environmental Health protects the public from toxic chemicals by working with communities, consumers, workers, government, and the private sector to demand and support business practices that are safe for public health and the environment.  The Center for Environmental Health works in pursuit of a world in which all people live, work, learn, and play in healthy environments.

17.      Plaintiffs' members live, work, recreate, travel, and engage in other activities throughout the areas at issue in this complaint and will continue to do so on a regular basis.  Ozone and volatile organic compound pollution in the affected areas threatens and damages, and will continue to threaten and damage, the health and welfare of Plaintiffs' members, as well as their ability to engage in and enjoy their other activities.  Ozone and volatile organic compound pollution diminishes Plaintiffs' members' ability to enjoy the aesthetic qualities and recreational opportunities of the affected areas.

18.      The acts and omissions of EPA alleged here harm Plaintiffs' members by prolonging poor air quality conditions that adversely affect or threaten their health, and by nullifying or delaying measures and procedures mandated by the Act to protect their health from ozone and volatile organic compound pollution in places where they live, work, travel, and recreate.

19.      The acts and omissions of EPA alleged here further harm Plaintiffs' members' welfare interest in using and enjoying the natural environment.  Acute and chronic exposures to ozone lead to foliar injury, decreased photosynthesis, and decreased growth of vegetation, thus harming Plaintiffs' members' recreational and aesthetic interests.

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                                                              7

1   20.     EPA's failure to timely perform the mandatory duties described herein also adversely

2   affects Plaintiffs, as well as their members, by depriving them of procedural protection and

3   opportunities, as well as information that they are entitled to under the Clean Air Act and which

4   they would use in their work.  The failure of EPA to perform the mandatory duties creates

5   uncertainty for Plaintiffs' members as to whether they are exposed to excess air pollution.

6   21.     The above injuries will continue until the Court grants the relief requested herein.  A

7   court order requiring EPA to promptly undertake its mandatory duties would redress Plaintiffs'

8   and Plaintiffs' members' injuries.

9   22.     Defendant MICHAEL S. REGAN is the Administrator of the EPA.  In that role

10  Administrator Regan has been charged by Congress with the duty to administer the Clean Air

11  Act, including the mandatory duties at issue in this case.  Administrator Regan is also charged

12  with overseeing all EPA regional offices including EPA Region 9, which has responsibility for

13  California and is headquartered in San Francisco.

14                      **VI. FACTUAL BACKGROUND: OZONE**

15  23.     This case involves EPA's failure to timely implement the national ambient air quality

16  standards for ozone.  While ozone is critical for the protection of the Earth when it is in the

17  stratosphere, at ground level, ozone, the chief component of smog, is a dangerous air pollutant

18  that causes a variety of adverse impacts.  EPA, *Ground-Level Ozone Basics*,

19  https://www.epa.gov/ground-level-ozone-pollution/ground-level-ozone-basics#wwh (last visited

20  Apr. 6, 2021).  Ozone is not normally directly emitted.  *Id.*  Rather, it is formed in the ambient

21  air from a reaction between volatile organic compounds and nitrogen oxides in the presence of

22  sunlight.  *Id.*

23

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                                          8

28

1   24.     According to EPA, based on exhaustive scientific review, ozone pollution causes

2   decreased lung function; increased respiratory symptoms, emergency department visits, and

3   hospital admissions for respiratory causes; and even death.  *NAAQS for Ozone*, 73 Fed. Reg.

4   16,436, 16,436 (Mar. 27, 2008).

5   25.     Those most at risk from ozone pollution are children; active people, *e.g.*, runners and

6   people who do manual labor outside; people with pre-existing lung and heart diseases such as

7   asthma; and older people.  *Id.* at 16,440.

8   26.     Ozone also damages vegetation, both native and commercial crops.  *Id.* at 16,485-486.

9   Damage to native vegetation results in ecosystem damage, including diminished ecosystem

10  services, that is, the life sustaining services that ecosystems provide to people for free, such as

11  clean air, clean water, and carbon sequestration.  *Id.*

12  27.     Oil and natural gas development contributes to persistent ozone problems across the

13  country.  As the United States has increased its production of oil and natural gas, emissions of

14  volatile organic compounds have also increased.  According to EPA, the oil and natural gas

15  industry is now the largest industrial source of emissions of volatile organic compounds, which

16  contribute to the formation of ground-level ozone.  EPA, *Controlling Air Pollution from the Oil*

17  *and Natural Gas Industry: Basic Information about Oil and Natural Gas Air Pollution*

18  *Standards*, https://www.epa.gov/controlling-air-pollution-oil-and-natural-gas-industry/basic-

19  information-about-oil-and-natural-gas (last accessed May 25, 2021).

20              **VII.  STATUTORY AND REGULATORY BACKGROUND**

21  28.     Congress enacted the Clean Air Act "to protect and enhance the quality of the Nation's

22  air resources so as to promote the public health and welfare and the productive capacity of its

23  population."  42 U.S.C. § 7401(b)(1).  In so enacting, Congress wanted to "**speed up**, expand,

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                    9

28

1    and intensify the war against air pollution in the United States with a view to assure that the air

2    we breathe throughout the Nation is wholesome once again."  H.R. Rep. No. 1146, 91st Cong.,

3    2d Sess. 1,1, 1970 U.S. Code Cong. & Admin. News 5356, 5356 (emphasis added).

4    29.    Central to the Act is the requirement that EPA establish national ambient air quality

5    standards (NAAQS) for certain widespread air pollutants that endanger public health and

6    welfare, referred to as "criteria pollutants."  42 U.S.C. §§ 7408-09.  One criteria pollutant is

7    ozone.  *See* 40 C.F.R. §§ 50.9, 50.10, 50.15, 50.19.

8    30.    The NAAQS establish allowable concentrations of criteria pollutants in ambient air, *i.e.*,

9    outdoor door.  Primary standards must be stringent enough to protect public health.  42 U.S.C.

10    § 7409(b)(1).  Secondary standards must be stringent enough to protect public welfare,

11    including, but not limited to, effects on soils, water, vegetation, manmade materials, wildlife,

12    visibility (*i.e*., haze), climate, damage to property, economic impacts, and effects on personal

13    comfort and well-being.  *Id.* §§ 7409(b)(2), 7602(h).

14    31.    After EPA sets or revises a standard, the Clean Air Act requires EPA to take steps to

15    implement the standard.  Within two years of revising a standard, EPA must "designate" areas as

16    not meeting the standard, known as "nonattainment," or as meeting the standard, known as

17    "attainment."  *Id.* § 7407(d)(1)(A)-(B).

18    32.    Under the Clean Air Act, each state is required to submit state implementation plans to

19    ensure that each NAAQS will be achieved, maintained, and enforced.  Without such plans, the

20    public is not afforded full protection against the harmful impacts of air pollution.

21    33.    For each area designated as "nonattainment," states must develop a plan to attain the

22    NAAQS.  These plans, which must be submitted to EPA, are called State Implementation Plans

23    (SIPs).  *See id.* §§ 7410(a)(2)(I), 7501 – 7509a, 7511 – 7511f.

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                                              10

28

1    34.    States that are part of the Ozone Transport Region are also required to submit SIPs to

2    EPA to reduce ozone pollution.  *See, e.g.,* 40 C.F.R. § 51.1316.  Congress established the OTR

3    in 1990, recognizing that in the northeast, states are dependent upon each other to reduce ozone

4    and its precursors.  *See, e.g.*, *Ozone Transport Commission: Recommendation That EPA Require*

5    *Daily Limits for Emissions of Nitrogen Oxides from Certain Sources in Pennsylvania*, 85 Fed.

6    Reg. 41,972, 41,973 (July 13, 2020).  The ozone transport region includes Connecticut,

7    Delaware, Maine, Massachusetts, Maryland, New Hampshire, New Jersey, New York,

8    Pennsylvania, Rhode Island, Vermont, the District of Columbia, and portions of Virginia.  *Id*; 42

9    U.S.C. § 7511c.

10   35.    EPA is required to determine whether a SIP submittal is administratively complete.  42

11   U.S.C. § 7410(k)(1)(B).  If, six months after a submittal is due, a state has not complied by

12   providing the required documentation, there is no submittal that can be deemed administratively

13   complete, and EPA must determine that the state failed to submit the required SIP submittal.  *Id.*

14   This determination is referred to as a "finding of failure to submit."

15   36.    If and when a state does submit a SIP to EPA, EPA has six months to determine whether

16   the submittal is administratively complete.  *Id*.  If EPA does not make such a finding, the SIP

17   submittal is "deemed by operation of law" to meet the minimum requirements of the Clean Air

18   Act.  *Id.*  EPA then has one year from either an affirmative determination or a determination

19   deemed by operation of law to approve or disapprove the SIP submittal in full in or in part.  *Id.* §

20   7410(k)(2)-(4).

21                    **VIII.   FACTUAL BACKGROUND**

22   37.    In 2008, EPA strengthened the primary and secondary ozone NAAQS from 0.08 to 0.075

23   parts per million (ppm).  *NAAQS for Ozone*, 73 Fed. Reg. at 16,436.

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                                       11

28

1    38.    In 2015, EPA again strengthened the ozone NAAQS from 0.075 to 0.070 ppm.  *NAAQS*

2    *for Ozone*, 80 Fed. Reg. 65,292 (Oct. 26, 2015).

3    39.    EPA made attainment and nonattainment designations for the 2008 ozone NAAQS

4    effective July 20, 2012.  *See Air Quality Designations for the 2008 Ozone NAAQS*, 77 Fed. Reg.

5    30,088 (May 21, 2012); *see also Air Quality Designations for the 2008 Ozone NAAQS for*

6    *Several Counties in Illinois, Indiana, and Wisconsin; Corrections to Inadvertent Errors in Prior*

7    *Designations*, 77 Fed. Reg. 34,221 (June 11, 2012).

8    40.    EPA designated all of the areas listed in Table 1 as nonattainment for the 2008 ozone

9    NAAQS.  *Id.*

10    41.    EPA designated the New-York-Northern New Jersey-Long Island area—including parts

11    of New York, New Jersey, and Connecticut—as nonattainment for the 2015 ozone NAAQS.

12    *Additional Air Quality Designations for the 2015 Ozone NAAQS*, 83 Fed. Reg. 25,776, 25,794

13    (June 4, 2018).

14    42.    One element of the SIPs for the 2008 and 2015 ozone NAAQS is the RACT CTG for the

15    Oil and Natural Gas Industry (2016) (EPA-453/B-16-11).  *See Release of Final CTG for the Oil*

16    *and Natural Gas Industry*, 81 Fed. Reg. 74,798, 74,798-99 (Oct. 27, 2016).  The RACT CTG for

17    the Oil and Natural Gas Industry requires oil and natural gas production facilities, like well pads,

18    to reduce their emissions of volatile organic compounds in areas that have an ozone pollution

19    problem.  States were required to submit Oil and Natural Gas Industry RACT CTG SIP

20    submittals to EPA by no later than October 27, 2018 for the 2008 ozone NAAQS and by no later

21    than August 4, 2020 for the 2015 ozone NAAQS.  *Id.*; *see also* EPA, *Required State*

22    *Implementation Plan Elements Dashboard*,

23

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                          12

28

1    https://edap.epa.gov/public/extensions/S4S_Public_Dashboard_2/S4S_Public_Dashboard_2.htm

2    l (last visited May 25, 2021).

3    43.      Several states have not submitted Oil and Natural Gas Industry RACT CTG SIP

4    submittals to EPA for the 2015 ozone NAAQS.  The state of New York has not made the

5    necessary submittal for the New-York-Northern New Jersey-Long Island nonattainment area.

6    EPA, *Required State Implementation Plan Elements Dashboard*,

7    https://edap.epa.gov/public/extensions/S4S_Public_Dashboard_2/S4S_Public_Dashboard_2.htm

8    l (last visited May 25, 2021).  In addition, New York, Pennsylvania, and Virginia have not made

9    the necessary submittals for their portions of the OTR.  *Id.*  It has been more than six months

10   since these submittals were due.  Yet, EPA has not issued the required findings of failure to

11   submit.  *Id.*  EPA therefore is in violation of its mandatory duty to issue a finding of failure to

12   submit Oil and Natural Gas Industry RACT CTG SIP submittals for the 2015 ozone NAAQS for

13   the state of New York for the New-York-Northern New Jersey-Long Island nonattainment area,

14   and for the states of New York, Pennsylvania, and Virginia for the OTR.

15   44.      Table 1 lists the areas that have submitted Oil and Natural Gas Industry RACT CTG SIP

16   submittals for the 2008 ozone NAAQS.  It has been more than 12 months since these submittals

17   were found administratively complete by EPA or deemed administratively complete by

18   operation of law.  Yet, EPA has not taken final action approving or disapproving, in full or part,

19   these submittals.  Therefore, EPA is in violation of its mandatory duty to take final action to

20   approve or disapprove, in full or part, the submittals listed in Table 1.

21

22

23

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                                     13

28

## IX.  CLAIMS FOR RELIEF

### CLAIM ONE

**(Failure to make Findings of Failure to Submit)**

45.     Plaintiffs incorporate by reference all paragraphs listed above.

46.     The following states have not submitted to EPA Oil and Natural Gas Industry RACT CTG SIP submittals for the 2015 ozone NAAQS: New York, Pennsylvania, and Virginia, all of which are part of the OTR; and New York for the New York-Northern New Jersey-Long Island nonattainment area.

47.     These SIP submittals were due no later than August 4, 2020.

48.     It is more than six months since these SIP submittals were due.

49.     EPA had a mandatory duty to make findings of failure to submit Oil and Natural Gas Industry RACT CTG SIP submittals for the 2015 ozone NAAQS by no later than February 4, 2021 for the following: New York, Pennsylvania, and Virginia, all of which are part of the OTR; and New York for the New York-Northern New Jersey-Long Island nonattainment area.

50.     Yet, EPA has not issued findings of failure to submit Oil and Natural Gas Industry RACT CTG SIP submittals for the 2015 ozone NAAQS by no later than February 4, 2021 for the following: New York, Pennsylvania, and Virginia, all of which are part of the OTR; and New York for the New York-Northern New Jersey-Long Island nonattainment area.

51.     Therefore, EPA is in violation of its mandatory duty to issue findings of failure to submit pursuant to 42 U.S.C. § 7410(k)(1)(B).

### CLAIM TWO

**(Failure to Take Final Action on State Implementation Plan Submissions)**

52.     Plaintiffs incorporate by reference all paragraphs listed above.

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                                                          14

1    53.    The states listed in Table 1 submitted nonattainment SIP elements for the 2016 RACT

2    CTG for the Oil and Natural Gas Industry for the nonattainment areas listed in Table 1 above.

3    54.    Each area's nonattainment SIP element submittals for the 2016 RACT CTG for the Oil

4    and Natural Gas Industry was deemed administratively complete, either by EPA or by operation

5    of law, by no later than the dates listed in Table 1.

6    55.    It is more than one year since the nonattainment SIP elements for the 2016 RACT CTG

7    for the Oil and Natural Gas Industry were deemed administratively complete for each area listed

8    in Table 1.

9    56.    For each area listed in Table 1, EPA had a mandatory duty to approve or disapprove the

10   nonattainment SIP elements for the 2016 RACT CTG for the Oil and Natural Gas Industry.

11   57.    EPA has not approved or disapproved, either in full or in part, the nonattainment SIP

12   elements for the 2016 RACT CTG for the Oil and Natural Gas Industry for each area listed in

13   Table 1.

14   58.    Therefore, pursuant to 42 U.S.C. § 7410(k)(2)-(4), EPA is in in violation of its mandatory

15   duty to approve or disapprove the nonattainment SIP elements for the 2016 RACT CTG for the

16   Oil and Natural Gas Industry for each area listed in Table 1.

17                              **RELIEF REQUESTED**

18   Plaintiffs respectfully request that the Court:

19       A. Declare that the Administrator is in violation of the Clean Air Act with regard to his

20          failure to perform each mandatory duty listed above;

21       B. Issue a mandatory injunction requiring the Administrator to perform his mandatory duties

22          by certain dates;

23

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                    15

28

1     C.  Retain jurisdiction of this matter for purposes of enforcing and effectuating the Court's

2          order;

3     D.  Grant Plaintiffs their reasonable costs of litigation, including attorneys' and experts' fees;

4          and

5     E.  Grant such further relief as the Court deems just and proper.

6
                                          Respectfully submitted,
7

8                                          /s/ Ashley Bruner
                                          Ashley Bruner (CO Bar No. 46252), *pro hac vice*
9                                          CENTER FOR BIOLOGICAL DIVERSITY
                                          P.O. Box 1178
10                                         Flagstaff, AZ 86002
                                          Phone: 928-666-0731
11                                         Email: abruner@biologicaldiversity.org

12                                         Jonathan Evans (Cal. Bar No. 247376)
                                          CENTER FOR BIOLOGICAL DIVERSITY
13                                         1212 Broadway, Suite 800
                                          Oakland, CA 94612
14                                         Phone: 510-844-7118
                                          Fax: 510-844-7150
15                                         email: jevans@biologicaldiversity.org

16                                         Counsel for Plaintiffs

17   Dated: May 26, 2021

18

19

20

21

22

23

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4:21-cv-02498-JST                                                                    16

28