TODD KIM
Assistant Attorney General
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.149
Washington D.C. 20002
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendant*

Robert Ukeiley, Admitted *Pro Hac Vice*
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop Street, Suite 421
Denver, CO 80202
Phone: (720) 496-8568
Email: rukeiley@biologicaldiversity.org

[additional attorneys for Plaintiffs included in signature block]

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency,<br><br>Defendant. | Case No. 4:21-cv-02498-JST<br><br>[~~PROPOSED~~] **CONSENT DECREE** |

1    WHEREAS, on April 7, 2021, Plaintiffs Center for Biological Diversity and Center for
2 Environmental Health (collectively, "Plaintiffs") filed the above-captioned matter against
3 Michael S. Regan, in his official capacity as the Administrator of the United States
4 Environmental Protection Agency (hereinafter "EPA" or "Defendant") (Dkt. No. 1);
5    WHEREAS, on May 26, 2021, Plaintiffs filed a First Amended Complaint (Dkt. No. 15)
6 (the "First Am. Compl.");
7    WHEREAS, Plaintiffs allege that EPA has failed to undertake certain non-discretionary
8 duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged
9 failure is actionable under CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2);
10    WHEREAS, pursuant to CAA section 109(d)(1), 42 U.S.C. § 7409(d)(1), EPA
11 promulgated a final rule revising the ozone National Ambient Air Quality Standards in 2008
12 (the "2008 ozone NAAQS"). *Final Rule*, 73 Fed. Reg. 16,436 (Mar. 27, 2008). Pursuant to
13 CAA section 107(d), 42 U.S.C. § 7407(d), EPA initially designated certain areas in various
14 states as nonattainment for the 2008 ozone NAAQS. *Final Rule*, 77 Fed. Reg. 30,088 (May 21,
15 2012), and then promulgated additional designations, *Final Rule*, 77 Fed. Reg. 34,221 (June 11,
16 2012);
17    WHEREAS, EPA revised the ozone NAAQS in 2015 while leaving the 2008 ozone
18 NAAQS in place. *Final Rule*, 80 Fed. Reg. 65,292 (Oct. 26, 2015) (the "2015 ozone NAAQS").
19 EPA designated certain areas in various states as nonattainment for the 2015 ozone NAAQS.
20 *See, e.g.*, *Final Rule*, 83 Fed. Reg. 25,776 (Jun. 4, 2018);
21    WHEREAS, section 172(c)(1) of the CAA provides that state implementation plans
22 ("SIP") for nonattainment areas must include reasonably available control technology
23 ("RACT"), including RACT for existing sources of emissions. 42 U.S.C. § 7502(c)(1). CAA
24 section 182(b)(2)(a) requires states in which a nonattainment area designated as Moderate is
25 located to "submit a revision to the applicable [SIP] to include provisions to require the
26 implementation of [RACT]" under 42 U.S.C. § 7502(c)(1) with respect to "each category of
27 [volatile organic compounds ("VOC")] sources in the area covered by a [control techniques
28 guideline ("CTG")] document issued by the Administrator between November 15, 1990, and the

date of attainment." *Id*. § 7511a(b)(2). CAA section 182(c) through (e) applies this requirement to states with areas designated nonattainment for an ozone NAAQS classified as Serious, Severe, and Extreme, *id*. §§ 7511a(c)-(e);

WHEREAS, CAA section 184(b) provides that states in an ozone transport region ("OTR") must submit a SIP revision addressing RACT with respect to all sources of VOCs in the OTR covered by a CTG document issued before or after November 15, 1990. *Id*. § 7511c(b)(1)(B). CAA section 184(a) establishes a single OTR comprised of Connecticut, Delaware, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Rhode Island, Vermont, and the Consolidated Metropolitan Statistical Area that includes the District of Columbia, *id*. § 7511c(a);

WHEREAS, on October 27, 2016, EPA provided notice of the availability of a final CTG document entitled *Control Techniques Guidelines for the Oil and Natural Gas Industry* (EPA-453/B-16-001). *Notice*, 81 Fed. Reg. 74,798 (Oct. 27, 2016) (the "Oil and Gas RACT CTG");

WHEREAS, in accordance with CAA section 182(b)(2), 42 U.S.C. § 7511a(b)(2), EPA provided a two-year period from October 27, 2016 for states to submit SIP revisions implementing RACT for VOC sources covered by the Oil and Gas RACT CTG, i.e. plans were due by October 27, 2018 (hereinafter, an "Oil and Gas RACT CTG SIP") for the 2008 ozone NAAQS, 81 Fed. Reg. at 74,799;

WHEREAS, in accordance with CAA sections 182(b)(2) and 184(b), 42 U.S.C. §§ 7511a(b)(2) and 7511c(b), EPA provided a two-year period from August 3, 2018 for states to submit an Oil and Gas RACT CTG SIP for the 2015 ozone NAAQS, i.e. plans for the 2015 ozone NAAQS were due by August 3, 2020, *Final Rule*, 83 Fed. Reg. 62,998 (Dec. 6, 2018), *see also* 40 CFR §§ 51.1312, 51.1316;

WHERAS, CAA section 110(k) sets forth the process by which EPA reviews SIP submissions and revisions. 42 U.S.C. § 7410(k). In accordance with that process, EPA must determine no later than 6 months after the date by which a state is required to submit a SIP revision whether a state has made a submission that meets the minimum completeness criteria.

*Id.* § 7410(k)(1)(B). EPA refers to the determination that a state has not submitted a requisite SIP submission as a "finding of failure to submit." Further, EPA must determine whether a SIP submission or revision is complete within six months after EPA receives the submission, and if EPA does not determine completeness of the plan or revision within six months, then the submittal is deemed complete by operation of law after six months, *id.*;

WHEREAS, pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4), EPA is required to approve, disapprove, or conditionally approve, in whole or in part, each plan or revision, within 12 months of a determination of completeness by EPA or a submittal being deemed complete by operation of law;

WHEREAS, in Claim 1, Plaintiffs allege that EPA has failed to make a finding of failure to submit a SIP or SIP revision implementing RACT for VOC sources covered by the Oil and Gas RACT CTG pursuant to 42 U.S.C. § 7410(k)(1)(B) for the 2015 ozone NAAQS for the following states and areas within six months after the due date, i.e. by February 4, 2021, First Am. Compl. ¶¶ 46-51:

| State | Area |
|---|---|
| Pennsylvania | OTR (Pennsylvania portion) |
| New York | New York - Northern New Jersey - Long Island, NY-NJ-CT nonattainment area (New York portion) (codified at 40 C.F.R. § 81.333) |
| New York | OTR (New York portion) |
| Virginia | OTR (Virginia portion) |

WHEREAS, EPA has received a SIP submission addressing the Oil and Gas RACT CTG for the 2015 ozone NAAQS for the Virginia portion of the OTR listing in Claim 1 and has deemed that submission complete. Claim 1 is therefore moot as to the Virginia portion of the OTR;

WHEREAS, in Claim 2, Plaintiffs allege that EPA has failed to perform a duty mandated by CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4), to take final action to approve or disapprove, in whole or in part, the following SIP submittals addressing the Oil and

Gas RACT CTG submitted by the following states and/or nonattainment areas and/or OTR states for the 2008 ozone NAAQS, First Am. Compl. ¶¶ 53-58 & Table 1:

| Item No. | State | Area | State Implementation Plan Submittal | State Submission Date (on or about) | Completeness Mechanism and Date | Final Action Due Date |
|---|---|---|---|---|---|---|
| 1. | California | Los Angeles – South Coast Air Basin, CA (codified at 40 C.F.R. § 81.305) | California Greenhouse Gas Emission Standards for Crude Oil and Natural Gas Facilities | December 11, 2018 | Complete by operation of law June 11, 2019 | June 11, 2020 |
|  | California | Riverside County (Coachella Valley), CA (codified at 40 C.F.R. § 81.305) | California Greenhouse Gas Emission Standards for Crude Oil and Natural Gas Facilities | December 11, 2018 | Complete by operation of law June 11, 2019 | June 11, 2020 |
|  | California | Sacramento Metro, CA nonattainment area (codified at 40 C.F.R. § 81.305) | California Greenhouse Gas Emission Standards for Crude Oil and Natural Gas Facilities | December 11, 2018 | Complete by operation of law June 11, 2019 | June 11, 2020 |
|  | California | San Joaquin Valley, CA nonattainment area (codified at 40 C.F.R. § 81.305) | California Greenhouse Gas Emission Standards for Crude Oil and Natural Gas Facilities | December 11, 2018 | Complete by operation of law June 11, 2019 | June 11, 2020 |
|  | California | Ventura County, CA nonattainment area (codified at 40 C.F.R. § 81.305) | California Greenhouse Gas Emission Standards for Crude Oil and Natural Gas Facilities | December 11, 2018 | Complete by operation of law June 11, 2019 | June 11, 2020 |
| 2. | Illinois | Chicago-Naperville, IL-IN-WI | Attainment Demonstration for the 2008 | January 10, 2019 | Completeness determination by letter | March 7, 2020 |

| Item No. | State | Area | State Implementation Plan Submittal | State Submission Date (on or about) | Completeness Mechanism and Date | Final Action Due Date |
|---|---|---|---|---|---|---|
| | | nonattainment area (Illinois portion) (codified at 40 C.F.R. § 81.314) | Ozone National Ambient Air Quality Standard for the Chicago Nonattainment Area, portion addressing Oil and Gas RACT CTG | | March 7, 2019 | |

WHEREAS, on July 30, 2021, the Acting Regional Administrator for Region 5 signed a notice approving an Illinois SIP submission addressing the Oil and Gas RACT CTG for the Chicago-Naperville, IL-IN-WI nonattainment area (Illinois portion) for the 2008 ozone NAAQS. *Final Rule*, 86 Fed. Reg. 44,616 (Aug. 13, 2021). Claim 2 is therefore moot as to the Chicago-Naperville, IL-IN-WI nonattainment area (Illinois portion) for the 2008 ozone NAAQS;

WHEREAS, the relief requested in the First Amended Complaint includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its obligations, First Am. Compl. at 15-16;

WHEREAS, Plaintiffs and EPA have agreed to a settlement of Claims 1 and 2 without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiffs and EPA, by entering into this Consent Decree (the "Consent Decree"), do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of Claims 1 and 2 in this matter and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiffs and EPA agree that this Court has jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(e) and Civil L.R. 3-2(c)-(d); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and Defendant EPA, it is hereby ordered, adjudged and decreed that:

1. The appropriate EPA official or officials shall:

a. sign a notice or notices finding that the following states have failed to submit a SIP or SIP revision addressing RACT for VOC sources covered by the Oil and Gas RACT CTG for the 2015 ozone NAAQS for the nonattainment area or state listed below, by no later than December 10, 2021:

| State | Area |
|---|---|
| Pennsylvania | OTR (Pennsylvania portion) |
| New York | New York - Northern New Jersey - Long Island, NY-NJ-CT nonattainment area (New York portion) (codified at 40 C.F.R. § 81.333) |
| New York | OTR (New York portion) |

b. sign a notice or notices of final rulemaking to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, the SIP submittal from California titled "California Greenhouse Gas Emission Standards for Crude Oil and Natural Gas Facilities" submitted to EPA on or about December 11, 2018 addressing the Oil and Gas RACT CTG, pursuant to sections 110(k)(2)-(4) of the CAA, 42 U.S.C. §§ 7410(k)(2)-(4), as that SIP submittal relates to the areas listed below by no later than July 29, 2022:

| Item No. | Area |
|---|---|
| i. | Los Angeles – South Coast Air Basin, CA (codified at 40 C.F.R. § 81.305) |
| ii. | Riverside County (Coachella Valley), CA (codified at 40 C.F.R. § 81.305) |
| iii. | Sacramento Metro, CA nonattainment area (codified at 40 C.F.R. § 81.305) |
| iv. | San Joaquin Valley, CA nonattainment area (codified at 40 C.F.R. § 81.305) |
| v. | Ventura County, CA nonattainment area (codified at 40 C.F.R. § 81.305) |

2. If any State submits a SIP submission for a nonattainment area or OTR state listed above in Paragraph 1.a and EPA determines that the SIP submission is complete or the SIP submission becomes complete by operation of a law, then EPA's obligation to make a finding of failure to submit as to that state and/or area is automatically terminated, and Plaintiffs' claim as to that nonattainment area or OTR state is moot.

3. If any State withdraws a SIP submission addressing any or all of the elements listed above in Paragraph 1.b, then EPA's obligation to take the action required by Paragraph 1 with respect to those elements is automatically terminated, and Plaintiffs' claim as to those elements is moot, unless Plaintiffs move the Court to address EPA's obligation in light of the withdrawn submittal. If Plaintiffs file such a motion, EPA's obligation to act on the withdrawn portion of the submittal is stayed pending resolution of said motion. EPA shall notify Plaintiffs within fifteen business days of receiving a written request from a state to withdraw a SIP submission addressing any or all of the elements listed in Paragraph 1 for that state. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to EPA's obligation in the event that any State withdraws a SIP submission addressing any or all of the elements listed above in Paragraph 1 and Plaintiffs file a motion pursuant to this Paragraph. If EPA signs a finding of failure to submit for the withdrawn submittal while such a motion is pending, Plaintiffs shall withdraw their motion.

4. EPA shall, within 15 business days of signature, send the notice package for each action taken pursuant to Paragraph 1 of this Consent Decree to the Office of the Federal Register for review and publication in the *Federal Register*.

5. After EPA has completed the actions set forth in Paragraph 1 of this Consent Decree, after notice of each final action required by Paragraph 4 has been published in the *Federal Register*, and the issue of costs of litigation (including reasonable attorney fees) has been resolved, EPA may move to have this Consent Decree terminated. Plaintiffs shall have fourteen (14) days in which to respond to such motion, unless the parties stipulate to a longer time for Plaintiffs to respond.

6. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA with notice to the Court, or (b) by the Court upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA. Any other provision of this Consent Decree also may be modified by the Court following motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply.

7. If a lapse in EPA appropriations occurs within one hundred and twenty (120) days prior to a deadline in Paragraphs 1 or 4 in this Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 6.

8. Plaintiffs and EPA agree that this Consent Decree constitutes a complete settlement of Claims 1 and 2 as described in Paragraph 1.

9. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail or other means, outlining the nature of the dispute and requesting informal negotiations. These parties shall meet and confer in order to attempt to resolve the dispute. If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

10. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 9 has been followed, and the moving party has provided the other party with written notice received at least ten (10) business days before the filing of such motion or proceeding.

11. The deadline for filing a motion for costs of litigation (including attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request. The Court shall retain jurisdiction to resolve any requests for costs of litigation, including attorney fees.

12. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation (including attorney fees).

13. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), including final action taken pursuant to section 110(k) of the CAA, 42 U.S.C. § 7410(k), approving, disapproving, or approving in part and disapproving in part a SIP submittal, or (b) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

14. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

15. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

16. Plaintiffs reserve the right to seek additional costs of litigation (including reasonable attorney fees) incurred subsequent to entry of this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation (including attorney fees).

17. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

18. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

19. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

<u>For Plaintiffs Center for Biological Diversity and Center for Environmental Health</u>:

>Ashley Bruner
>Center for Biological Diversity
>P.O. Box 1178
>Flagstaff, AZ 86002
>Phone: 928-666-0731
>Email: abruner@biologicaldiversity.org
>
>Robert Ukeiley
>Center for Biological Diversity
>1536 Wynkoop Street, Suite 421
>Denver, CO 80202
>Phone: (720) 496-8568
>Email: rukeiley@biologicaldiversity.org

<u>For Defendant EPA</u>:   Leslie M. Hill
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 2.900
Washington D.C. 20001
Tel. (202) 514-0375
Email: leslie.hill@usdoj.gov

20. EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

21. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party, and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

22. The undersigned representatives of Plaintiffs and Defendant EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Decree.

**IT IS SO ORDERED** on this __24th__ day of __November__, 2021.

_____
JON S. TIGAR
United States District Judge

COUNSEL FOR PLAINTIFFS:

/s Robert Ukeiley (email authorization 11/14/21)
Robert Ukeiley, Admitted *Pro Hac Vice*
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop Street, Suite 421
Denver, CO 80202
Phone: (720) 496-8568
Email: rukeiley@biologicaldiversity.org

Jonathan Evans (Cal. Bar #247376)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Ste. 800
Oakland, CA 94612
Phone: 510-844-7100 x318
Fax: 510-844-7150
Email: jevans@biologicaldiversity.org

*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| 1 | COUNSEL FOR DEFENDANT: | TODD KIM |
| 2 | | Assistant Attorney General |

/s Leslie M. Hill
LESLIE M. HILL (D.C. Bar No. 476008)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.149
Washington D.C. 20002
Tel. (202) 514-0375
Email: Leslie.Hill@usdoj.gov

Of counsel:

Derek Mills
Office of General Counsel
U.S. Environmental Protection Agency